[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Negro, and the defendant intermarried on August 12, 1989, in Branford, Connecticut.
The parties have resided continually in Connecticut for at least one year next before the date of this complaint.
There are no children born to this plaintiff wife, issue of this marriage, and none have been adopted.
Neither plaintiff nor defendant is or has been a recipient of CT Page 1287 financial aid from the State of Connecticut, any sister state, or the federal government.
Between August 12, 1989 and the date of this complaint, the marriage has broken down.
The trial began, and ended after final argument on January 29, 1992.
The court takes jurisdiction of this matter and finds that the marriage of this couple has broken down irretrievably, and that there is no reasonable hope of reconciliation, after having heard and observed the parties.
The wife is, and has been a high school teacher for many years, who owned her own home prior to this marriage, her first.
The husband is a financial planner with three children from his first marriage that he has the custody of. This marriage began to break up from the very beginning.
The plaintiff testified, with no objection, that she realized a net of $31,000 from the sale of her condo which she placed in a joint account with the defendant. In addition, during her fifteen years as a school teacher, it can be surmised she saved some money.
During this brief one and one-half year marriage she paid for their honeymoon to Hawaii and helped support and care for defendant's three children. She paid out a total of $1700.00 for domestic help and paid part of the cost to fix up the defendant's old, or first house. When defendant decided to buy a newer and larger house, the plaintiff paid out $14,000.00 for down payments, and mortgage application fee.
Her father loaned them $10,000.00 and has received $1000.00 in repayment to date.
The plaintiff has paid $3,624.00 on improvements to the new house, $12,374.00 in payments on the defendant's debts, $7,281.45 in mortgage payments, etc. In all, the plaintiff contends she has put over $70,000.00 into this one and one-half year marriage.
Arguments, physical confrontations, and a realization that she was not loved, but only used, led to the plaintiff's filing for a dissolution.
The defendant does not contest the plaintiff's allegations, and only contends that she blames him for everything and that she was a screamer, and a hitter. Defendant is a financial planner, CT Page 1288 and testified he is in poor shape financially, and emotionally and physically drained.
The plaintiff claims a dissolution of the marriage, and desires to convey her interest in the jointly owned property at 90 Birdseye Road, Shelton, Connecticut, to the defendant in consideration of his indemnification and holding her harmless on the mortgages and other expenses of the property.
The plaintiff wants the defendant to pay her $40,000.00, one-half to be paid in one year, and the balance in two years from the date of this decree, and desires that this obligation be secured with a promissory note and mortgage on his property at 90 Birdseye Road, Shelton, Connecticut.
Further, the wife demands no alimony or counsel fees, and wants each party to pay their own debts as shown on their financial affidavits.
Several items of her personal property were left behind by the plaintiff when she left and she demands these be returned to her. The defendant does not object. The plaintiff also desires that her maiden name, Negro, be returned to her.
The defendant seeks a dissolution and the conveyance of her interest in their property to him. He agrees to hold her harmless on the first and second mortgage, taxes, insurance, repairs, etc. He seeks the return of personal property of his that is now held by the plaintiff and wants each party to be responsible for their own debts as listed on the financial affidavits.
The defendant desires the plaintiff to pay one-half of the mortgages, taxes and insurance, on the jointly owned property from May 1991, when she left, through the date of transfer. He also desires the parties to file separate tax returns for 1991 and asks that he be allowed to take a deduction for any and all interest paid on the mortgages for 1991.
It is the judgment of this court that:
A dissolution of this marriage be granted on the grounds of an irretrievable breakdown of this marriage, that shows no possible hope of reconciliation.
The plaintiff's interest in the jointly owned property at 90 Birdseye Road, Shelton, Connecticut, is ordered assigned to the defendant. The defendant is ordered to indemnify and hold the plaintiff harmless from any and all mortgage obligations, taxes, insurance, repairs and improvements, whether they be delinquent or current. CT Page 1289
Each party is to keep their own personal property and return to its rightful owner any personal property that one party may have that belongs to the other.
Each party is to pay any and all of their own debts, and counsel fees.
In consideration of the funds she expended on the marriage, and paid out for the benefit of the defendant, his children, and his property, the defendant is ordered to pay to the plaintiff the sum of $40,000.00, one-half to be paid within one year of the date of this decree, and the remaining half to be paid within two years of the date of this decree. This $40,000.00 payment is an approximation of one-half of what the plaintiff put into the marriage. This payment is to be considered as alimony, and is therefore tax deductible by the defendant, and cannot be discharged for him, if he elects to go into voluntary bankruptcy by the bankruptcy court or is put into it involuntarily. The $40,000.00 ordered to be paid by the defendant to the plaintiff is to be secured by a promissory note and mortgage on the 90 Birdseye Road, Shelton, Connecticut, property.
The court properly considered and weighed the application of all relevant statutory factors prior to deciding this case.
The defendants proposed order #6 that the plaintiff wife pay the defendant husband one-half of the mortgages, taxes and insurance on the Birdseye Road property from May 1991, when she left their jointly owned property, through the date of transfer, is denied. The reasoning for the court's ruling is that the plaintiff could request the defendant and his children to pay her rent for her half of their jointly owned property that they used from May 1991 to the date of transfer. These two conflicting claims, in parity, would balance out.
The court will grant the defendant's proposed order #7 that the parties file separate tax returns for the tax year 1991, and the defendant husband be allowed to take the deduction for all interest paid on the mortgages for 1991. The plaintiff's maiden name of Negro is ordered to be restored to her.
William Beale Ramsey State Trial Referee